NOT FOR PUBLICATION

FILED
JAMES J. WALDRON, CLERK

JAN. 9, 2015

U.S. BANKRUPTCY COURT
NEWARK, N.J.

BY: s/ *Ronnie Plasner*
JUDICIAL ASSISTANT

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

In Re:

**STEPHANIE VELUZ,**

      Debtor.

Case No.:  14-20101 (DHS)

Judge:  Donald H. Steckroth, U.S.B.J.

**OPINION**

**APPEARANCES:**

The Law Office of John W. King
John W. King
17 Academy Street, Suite 1110
Newark, New Jersey 07201
*Counsel to the Debtor*

Benjamin Teich, Esq.
Office of the United States Trustee
One Newark Center, Suite 2100
Newark, New Jersey 07102
*United States Trustee*

Marie-Ann Greenberg
Chapter 13 Standing Trustee
30 Two Bridges Road, Suite 330
Fairfield, New Jersey 07004
*Chapter 13 Standing Trustee*

**THE HONORABLE DONALD H. STECKROTH, BANKRUPTCY JUDGE**

Before the Court is the motion (the "Motion") of the United States Trustee ("U.S. Trustee") for an order ("Order") compelling counsel for the Debtor, John W. King ("King" or "Counsel"), to disgorge fees for legal services charged in connection with the chapter 13 bankruptcy proceeding of Stephanie Veluz (the "Debtor"). The U.S. Trustee argues that King's attorney's fees are unreasonable and should be disgorged pursuant to 11 U.S.C. § 329(b). The Chapter 13 Standing Trustee (the "Trustee") joins the U.S. Trustee's Motion.

The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 1334(b), 157(a), and the Standing Order of Reference from the United States District Court for the District of New Jersey dated July 23, 1984 as amended September 18, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) and (F). Venue is proper under 28 U.S.C. §§ 1408 and 1409(a). The following shall constitute the Court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

**FACTUAL BACKGROUND**

On May 19, 2014, a voluntary chapter 13 petition ("Petition") was filed on behalf of the Debtor, Stephanie Veluz. The Petition was scanned and submitted electronically via the electronic filing system used by the United States Bankruptcy Court for the District of New Jersey. The handwritten signature of Debtor's counsel, John W. King, is present on the Petition in the space reserved for the signature of Debtor's counsel. In the space on the petition that calls for the Debtor's signature, a handwritten signature that purports to be the Debtor's is present. The Petition was a "barebones" petition that lacked most required documents, including the Chapter 13 plan, Schedules B-J, the Statement of Financial Affairs, and the Attorney Disclosure

3

Statement. On June 2, 2014, the date many of the required documents were due, Counsel moved for an extension of time to file the missing documents, which was granted. The Debtor's chapter 13 plan and several of the missing documents and schedules were filed on June 20, 2014. The last of the required documents were filed on August 15, 2014.

The § 341 meeting of creditors was conducted on September 16, 2014. King was not present, although he arranged to have substitute counsel appear on his behalf. At the § 341 meeting, the Debtor informed the Trustee that the handwritten signature on her Petition was not her own. In response to questioning by the Trustee, the Debtor further revealed that she had never met Counsel in person, and all of her communications with Counsel had been entirely through e-mail, text, or other electronic means. On September 19, 2014, the Trustee objected to the confirmation of the Debtor's chapter 13 plan due to discrepancies between the information in the Debtor's Petition and schedules and her testimony at the § 341 meeting. On October 23, 2014, the U.S. Trustee moved to disgorge all fees charged by King in connection with his representation of the Debtor.

On November 12, 2014, a hearing ("Hearing") on the Motion and on confirmation of the Debtor's plan was conducted. The Trustee objected to confirmation because amended schedules were not filed with proper notice to creditors and because of questions concerning whether the Debtor properly verified the contents of the Petition and schedules. At the Hearing, the Debtor testified under oath and confirmed that she never signed the Petition. King acknowledged that he signed the Petition for the Debtor, but contended that he had the authority to do so pursuant to numerous conversations with the Debtor and a general power of attorney included within his retainer agreement with the Debtor.

**DISCUSSION**

The Trustee's Motion seeks to disgorge fees received by King during his representation of the Debtor pursuant to section 329(b), which authorizes courts to order unreasonable legal fees to be returned to the estate. *See* 11 § U.S.C. 329(b). At the Hearing, facts came to light that revealed violations of the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the District of New Jersey (the "Local Rules"). The Court will address these violations, as they are relevant to the Trustee's Motion.

**I.      Federal Rule of Bankruptcy Procedure 1008**

Federal Rule of Bankruptcy Procedure 1008 requires a debtor to verify a petition in accordance with the execution requirements described in 28 U.S.C. § 1746. *See* Fed. R. Bankr. P. 1008 ("All petitions, lists, schedules, statements and amendments thereto shall be verified or contain an unsworn declaration as provided in 28 U.S.C. § 1746."). 28 U.S.C § 1746 provides, in relevant part:

> Wherever, under any law of the United States or under any rule . . . any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same . . . such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, *in writing* of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form
>
>  . . .
>   (2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)."

28 U.S.C. § 1746. Thus, a debtor is required to sign the petition. *In re Hurford*, 290 B.R. 299 (Bankr. E.D. Mich. 2003) ("28 U.S.C. 1746 specifically requires the signature of the person making the declaration."); *In re Rose*, 422 B.R. 896, 899 (Bankr. S.D. Ohio 2010) ("Bankruptcy

5

Rule 1008 . . . requires a debtor to sign his or her petition."). For obvious reasons, requiring a debtor to verify the petition, schedules, and statements associated with the bankruptcy case by personally reviewing and signing these documents under penalty of perjury is necessary to ensure the accuracy of the information before the court, the truth of which only the debtor can attest to. *In re Stromberg,* 487 B.R. 775 (Bankr. S.D. Texas 2013) ("[D]ebtors must sign the petition, Schedules, and SOFA as a means of not only authorizing the filing of these documents, but of verifying, under penalty of perjury, that they have reviewed the information contained therein and that it is true and correct to the best of their knowledge, information, and belief.").

While Bankruptcy Rule 5005 allows courts to establish procedures allowing attorneys to file and sign documents by electronic means,[1] the advent of electronic filing did not eliminate the requirement that certain documents, such as the petition and schedules, must be verified and signed by the debtor herself. As provided by the relevant Local Rule, D.N.J. LBR 5005-1:

> Documents that are electronically filed and require original signatures, other than that of the [attorney] ("third party signatures"), must be maintained in paper form by the Participant for a period not less than seven years from the date of closure of the case or proceeding in which the document is filed. Upon request, the original document must be provided to other parties or the court for review. The document requiring third party signatures must be electronically filed either by (1) submitting a scanned document containing the third party signature; or (2) by submitting a document displaying the name of the person signing the document, preceded by an "/s/" and typed in the space where the signature would otherwise appear, e.g., "/s/" Jane Doe.

*See* D.N.J. LBR 5005-1, Appendix: II(C). Thus, pursuant to this rule, an attorney participating in the court's electronic filing program may electronically file a document that requires the original signature of the debtor by scanning and submitting the document with the debtor's signature, or by indicating that the petition is being filed on behalf of the debtor by typing the debtor's name

---

[1] Fed. R. Bankr. P. 5005(a)(2) ("A court may by local rule permit or require documents to be filed, signed, or verified by electronic means . . . .").

preceded by an "/s/" in the space where the debtor's signature belongs. In both cases, the requirement that the debtor personally verify the accuracy of these documents by signing them under penalty of perjury still exists, and the attorney is required to maintain paper copies of these signed documents for at least seven years following the date the case is closed. This approach is consistent with local bankruptcy rules adopted in other jurisdictions. *See In re Wenk*, 296 B.R. 719, 725 (Bankr. E.D. Va. 2002) ("In filing a petition electronically, the practitioner represents to the court that he or she has secured an originally executed petition physically signed by debtor *prior to* electronically filing the case."); *In re Rice,* No. 14-58002, 2014 WL 5801535, at *3 (Bankr. N.D. Ga. Oct. 30, 2014)("The electronic filing of [a] document constitutes a representation and certification by the person filing the document (A) that each person whose signature is thus indicated on the document has signed it and (B) that, at the time of filing, the person filing the document electronically is in possession at the time of filing of an original document signed as indicated on the electronically filed document.") (quoting BLR 5005-7(b)(3)).

At the Hearing, King admitted that he did not obtain the Debtor's signature on the Petition prior to submitting it electronically. In fact, even after the Motion was filed, King admitted that he never obtained the signature of the Debtor on the Petition or any of the schedules. Thus, Counsel's conduct and procedure violated both Federal Rule of Bankruptcy Procedure 1008 and D.N.J. LBR 5005-1.

## II.     Federal Rule of Bankruptcy Procedure 9011

Even more troubling than the above violations, King admits that he signed the Petition on behalf of the Debtor. While King contends he never intended to mislead the Court, it is obviously misleading to all parties involved in a bankruptcy proceeding when the signature

7

inscribed on a petition that purports to be that of the Debtor is not in fact the Debtor's signature. King argues that signing the Petition on behalf of the Debtor was not improper because the Debtor gave him verbal permission to do so and because his retainer agreement with the Debtor contained a power of attorney that gave him the authority to file all documents necessary to her bankruptcy case.[2] At the Hearing, the Debtor testified that she knew the retainer agreement contained a power of attorney, but did not fully understand the scope of King's authority under the power of attorney.

Some courts have taken the position that a bankruptcy petition may not be filed by anyone other than the individual debtor. *See In re Raymond*, 12 B.R. 906, 908 (Bankr. E.D. Va. 1981) (denying wife's application to use her power of attorney to file petition on behalf of husband, who was stationed in the military, because "bankruptcy is a deep personal action which only the individual should make" and holding that the filing of the petition is a "crucial step that [the debtor] must take himself."). Other courts have permitted an attorney-in-fact to file a petition on behalf of the debtor, but only when exceptional circumstances excuse the debtor from the obligation to sign the petition and the attorney-in-fact puts the court on notice that the petition is being signed in a representative capacity on behalf of the debtor. *See In re Hurford*, 290 B.R. 299 (Bankr. E.D. Mich. 2003) ("[C]ourts have been reluctant to permit a party other than the debtor to sign and file a petition under a power of attorney absent extraordinary circumstances."). Such courts have held that a petition signed on behalf of the debtor through a power of attorney is valid only under the following circumstances: (1) the documents signed by the attorney-in-fact clearly indicate that they are being signed in a representative capacity; (2) the

---

[2] The power of attorney provision stated: "Client gives Attorneys power of attorney to execute all petitions, schedules, complaints, motions, claims, contracts, checks, settlements, compromises, releases, verifications, dismissals, drafts, deposits, and orders as Client would himself/herself." (Cert. of John W. King in Opp'n to U.S. Trustee's Mot. to Disgorge Atty Fees, Nov. 7, 2014, ECF No. 49, 7).

power of attorney is filed with the petition; (3) the attorney-in-fact appears at the § 341 meeting to explain why the documents needed to be filed through a power of attorney; and (4) the attorney-in-fact ensures the represented party is aware that the case has been filed. *See In re Hurt,* 234 B.R. 1, 2-3 (Bankr. D.N.H. 1999); *In re Rice*, No. 14-58002, 2014 WL 5801535, at *3 (Bankr. N.D. Ga. Oct. 30, 2014).

Here, although King admitted signing the Petition on behalf of the Debtor at the Hearing, he did not make any attempt to disclose this to the Court until the validity of the signature was called into question by the Trustee. Clearly, his use of the power of attorney was improper. Furthermore, even assuming King's conduct was permissible, his signing of the Petition as attorney-in-fact for the Debtor resulted in a violation of Federal Rule of Bankruptcy Procedure 9011(b). Rule 9011(b) provides:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . .
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

Fed. R. Bankr. P. 9011(b). In normal circumstances, the evidentiary support for the information in a petition comes from the debtor's signing of the petition under penalty of perjury. *See In re Phillips*, 317 B.R 518, 524 (8th Cir. B.A.P. 2004) ("[T]he petition filed did not have the debtor's signature and therefore lacked a verification of the facts. With no verification, the factual contentions have no evidentiary support and thus the petition violates Rule 9011(b)(3)."). When documents requiring the debtor's original signature are not signed by the debtor, the evidentiary basis for the information in those documents no longer exists. The principal's act of giving the

9

attorney-in-fact the authority to file documents containing facts within the principal's personal knowledge on her behalf does not transfer the principal's knowledge of those facts to the attorney-in-fact. *See In re Harrison,* 158 B.R. 246, 248 (Bankr. M.D. Fla. 1993) ("It takes no elaborate discussion to point out the obvious that no one can grant authority to verify under oath the truthfulness of statements contained in the documents and to verify facts that they are true when the veracity of facts are unique and only within the ken of the declarant."). Thus, even if a power of attorney gives the attorney-in-fact the authority to file documents related to the debtor's bankruptcy proceeding on the debtor's behalf, the attorney-in-fact cannot present these documents to the Court in accordance with Rule 9011 unless there is a separate evidentiary basis for their accuracy.

Here, because the Debtor never signed the Petition, it could not be properly verified in accordance with Rule 9011 unless an independent evidentiary basis supported its accuracy. At the Hearing, Counsel admitted that the information in the Petition was not within his personal knowledge, and the Debtor testified that although she reviewed the information in the Petition, she did not go over the schedules with King to verify that the information contained therein was the same information she provided to Counsel. Thus, no sufficient evidentiary basis was provided for the documents submitted, and King violated Rule 9011(b) when he filed these documents pursuant to the power of attorney provision in the retainer agreement.[3]

---

[3] An attorney may be sanctioned for violations of Rule 9011(b). *See* Fed. R. Bankr. P. 9011(c).

**III.    Disgorgement of Fees Pursuant to 11 U.S.C. § 329(b)**

Section 329(b) allows a bankruptcy court to disgorge unreasonable fees received for legal services. *See* 11 U.S.C. § 329(b). The burden of proving the reasonableness of attorney's fees is on the attorney. *See In re Ostas,* 158 B.R. 312, 323 (N.D.N.Y. 1993).

The Trustee argues that the work performed on the case was inadequate due to King's failure to timely file documents even after being granted extensions, his need to amend various documents, and his failure to appear at the § 341 meeting. King argues that the fees charged were reasonable due to the complicated nature of the Debtor's case, which included multiple properties and negotiations over loan modifications. At the Hearing, the Debtor testified that she made two separate payments to King: a payment of $4,500 upon signing the retainer agreement and, several weeks later, a payment of an additional $2,500 for the purpose of obtaining a loan modification. The Debtor also testified that she had problems communicating with King over the course of his representation and was not satisfied with his timeliness in addressing her concerns. King subsequently filed a fee application seeking approval of $4,500 in fees that he received for his representation of the Debtor in her bankruptcy proceeding and a supplemental application seeking fees in the amount of $2,500 for additional services provided in an attempt to obtain a loan modification for the Debtor. The supplemental application was later withdrawn.

Here, King has failed to meet his burden of proving the reasonableness of his fees and the appropriateness of his activities in this case. The conduct and fees charged by King were unreasonable given the value of the services provided, which included multiple rule violations that not only frustrated the administration of the case and caused the Debtor to face unnecessary inconveniences and obstacles in getting her plan confirmed, but also jeopardized the outcome of her bankruptcy case, which was subject to dismissal for her failure to verify the Petition and

11

schedules. Admittedly, King performed some work that benefitted the Debtor, including preventing her home from being foreclosed upon, but this is outweighed by the conduct of Counsel which could merit sanctions being imposed by the Court. Thus, Counsel's conduct coupled with the fact the services provided were not beneficial to the completion of the case merit granting the relief requested by the U. S. Trustee. Accordingly, the fees received by King in the sum of $4,500 must be disgorged.

## CONCLUSION

For the reasons stated above, the Motion to disgorge attorney compensation is granted and King is directed to return all fees received in connection with his representation of the Debtor in this matter to the Debtor.

An Order in conformance with this Opinion has been entered by the Court and a copy attached hereto.

*s/ Donald H. Steckroth*

DONALD H. STECKROTH
UNITED STATES BANKRUPTCY JUDGE

Dated: January 9, 2015